[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14390
Non-Argument Calendar
_____

Agency No. A087-780-845

QINRONG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 4, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Qinrong Chen, a native and citizen of China, filed an application for asylum, 8 U.S.C. § 1158(a), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture (CAT) based on her claim that she was persecuted for participating in underground Roman Catholic Church gatherings. Chen claimed that police arrested her while she was attending a church service and that she was detained for nine days. While detained, she was interrogated, slapped, and beaten. The Immigration Judge (IJ) made an adverse credibility determination and, alternatively, found that Chen failed to demonstrate past persecution or a well-founded fear of future persecution. The IJ therefore denied Chen's application, and the Board of Immigration Appeals (BIA) dismissed her appeal. In seeking review before this Court, Chen argues that substantial evidence does not support the agency's adverse credibility finding and that she demonstrated her eligibility for asylum, withholding of removal, and CAT relief. After review of the record and consideration of the parties' briefs, we deny Chen's petition in part and dismiss in part.

Contrary to Chen's contentions, the IJ offered specific, cogent reasons for her adverse credibility finding, and that finding was supported by substantial evidence. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (explaining we will reverse an agency's credibility determination under the substantial evidence standard only if the record compels it, and stating "the IJ must

2

offer specific, cogent reasons for an adverse credibility finding" (quotation omitted)).  In particular, the IJ noted that, in her asylum application, Chen stated she decided to leave China after her arrest and detention, which conflicted with her testimony that she had applied for a student visa to come to the United States prior to her arrest.[1]  The IJ also pointed to the inconsistency between Chen's testimony that her father paid 3,000 Yuan to the police to obtain her release on September 30, 2008, and a household register Chen submitted in support of her asylum application indicating her father returned to China from the United States on January 5, 2009.  Although Chen explained that her father returned to the United States before the date on the household register but was not registered until later because the family did not know how to register him, we cannot say this explanation would compel a reasonable factfinder to reverse the IJ's credibility determination.  *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006) (explaining that although a petitioner's explanations for the implausible aspects of his claim were tenable, they did not compel a reversal of the IJ's credibility determination); *see also Lyashchynska v. U.S. Att'y Gen.*, 676 F.3d 962, 967 (11th Cir. 2012) ("Where there are two permissible views of the evidence, the

---

[1] Although Chen argues her statements are not inconsistent because she was planning to come to the United States for academic reasons before her arrest and that her arrest gave her a new and different reason to come to the United States, Chen never presented that argument to the BIA, and we do not consider it.  *See Yang v. U.S. Att'y Gen.*, 494 F.3d 1311, 1316 (11th Cir. 2007) (declining to consider an equal protection argument because the petitioner failed to exhaust his administrative remedies by raising it before the BIA).

factfinder's choice between them cannot be clearly erroneous." (quotation omitted)).  Nothing in the record compels reversal of the agency's credibility determination.

Similarly, the record does not compel reversal of the agency's conclusion that, even if credible, Chen failed to establish past persecution.  We have held that "persecution is an extreme concept," and that "[m]inor physical abuse and brief detentions do not amount to persecution."  *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009) (quotations and alteration omitted).  Viewed cumulatively, Chen's experiences do not rise to the extreme level of persecution. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171, 1174 (11th Cir. 2008) (concluding that a finding of persecution was not compelled when a petitioner suffered a 36-hour detention and was beaten with a belt and kicked, resulting in multiple scratches and muscle bruises); *see also Kazemzadeh*, 577 F.3d at 1352-53 (concluding a four-day detention, coupled with a five-hour interrogation and beating, did not compel a finding of persecution); *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1290-91 (11th Cir. 2006) (holding a finding of persecution was not compelled by a petitioner's five-day detention during which he was forced to watch reeducation videos, stand in the sun for two hours, and sign a pledge to no longer practice his religion).

4

Chen's reliance on *Shi v. U.S. Att'y Gen.*, 707 F.3d 1231 (11th Cir. 2013), is unavailing.  In *Shi*, we recognized that "determining what constitutes persecution is a highly fact-intensive inquiry" and that "each asylum case turns on its own facts." *Id.* at 1235-36, 1239.  Thus, in concluding the petitioner in *Shi* suffered persecution, we explained that, under the totality of the circumstances, "what compels us to find, in this case, that Shi was persecuted" was the fact that Shi was handcuffed to a bar and left outside overnight exposed to the elements, a fact we said "highlights the unusual nature of the authorities' efforts to suppress Shi's religious practice." *Id.* at 1237.  Here, Chen was not subjected to "as singularly cruel a tactic" as being handcuffed to a bar and left outside overnight, a tactic we analogized to the use of a hitching post and denounced as brutal, inhumane, and extreme. *Id.* at 1238-39.  Chen's experiences do not compel a finding that she suffered persecution.

Chen's argument that she was entitled to a presumption of a well-founded fear of future persecution also lacks merit.  Having failed to establish that she suffered past persecution, Chen was not entitled to a presumption of a well-founded fear of future persecution. *See De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008) ("[A] showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution.").[2]  Because

---

[2] Chen does not make any substantive argument in her brief that she demonstrated a

5

Chen failed to establish eligibility for asylum, she also failed to demonstrate her eligibility for withholding of removal. *See Kazemzadeh*, 577 F.3d at 1352 ("Where an applicant is unable to meet the well-founded fear standard of asylum, he is generally precluded from qualifying for either asylum or withholding of removal." (quotations and brackets omitted)).

Finally, we lack jurisdiction to review Chen's claim that she was entitled to CAT relief because she did not raise it before the BIA. *Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 492 (11th Cir. 2013). Accordingly, Chen's petition for review of the denial of her request for CAT relief is dismissed.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

well-founded fear of future persecution. Instead, Chen makes only a one-sentence passing reference to the issue and it is therefore abandoned. *See Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1152 n.12 (11th Cir. 2014) (explaining that a petitioner abandons an issue by making only a passing reference in her initial brief).